# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY D. BURRIS, JR., | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-10-60-M |
| | ) |
| JANE STANDIFIRD, WARDEN, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. He raises a due process challenge to a prison disciplinary conviction which resulted in the revocation of earned credits. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a Motion to Dismiss [Doc. No. 6] and seeks dismissal of the petition on grounds that Petitioner has failed to exhaust available state judicial remedies prior to filing this federal habeas action. Petitioner has filed a response to the motion and the matter is now at issue. For the reasons set forth below, it is recommended that Respondent's motion to dismiss be granted on grounds of procedural default.

## I. Relevant Factual Background

Petitioner is presently incarcerated at the John Lilley Correction Center in Boley, Oklahoma, serving sentences he received in Case Nos. CF-2007-6315 and CF-2007-1896, District Court of Oklahoma County. *See* Respondent's Motion, Ex. 1 (Petitioner's Consolidated Record Card); *see also* Petition, p. 1. On January 13, 2009, Petitioner, who

was then incarcerated at the Union City Community Correctional Center, was found guilty of possession of narcotics, a Class X misconduct offense. Respondent's Motion, Ex. 2, p. 19 (Disciplinary Hearing Report); *see also* Petition, Ex. E. His punishment included the revocation of 365 days earned credits. *Id*. Petitioner appealed the misconduct conviction through the prison administrative appeal process, and the conviction was affirmed by final administrative decision dated April 8, 2009. *See* Respondent's Motion, Ex. 3, p. 7 (Response from Director or Designee).

Petitioner then timely sought judicial review of the misconduct conviction by filing a petition for judicial review pursuant to Okla. Stat. tit. 57, § 564.1. *See* Respondent's Motion, Ex. 4, Docket, *Burris v. Oklahoma Department of Corrections*, Case No. CJ-2009-6552, District Court of Oklahoma County, State of Oklahoma. The state district court denied relief on September 3, 2009. See Respondent's Motion, Ex. 5 (Order Denying Relief on Petition for Judicial Review). Respondent asserts that Petitioner did not appeal the district court's decision to the Oklahoma Court of Criminal Appeals (OCCA) within the time permitted under Oklahoma law. Respondent's Motion, p. 3.

## II. **Petitioner's Claims**

In this habeas action, Petitioner brings a single claim premised on alleged violations of his due process rights in the context of his prison disciplinary conviction. Petitioner claims his due process rights were violated because prison officials refused to allow Petitioner to present his requested witness's testimony in defense of the misconduct charge.

2

Petition, pp. 2-3. He also claims that prison officials refused to correct the investigator's report that indicated Petitioner did not wish to present a witness. *Id.* Petitioner further claims a due process violation occurred when prison officials changed the date of his disciplinary hearing without sufficient notice, depriving Petitioner of his right to present a defense. *Id.*, pp. 3, 8. Finally, Petitioner alleges that prison officials incorrectly charged him with possession of a narcotic because the substance found by officials was a medication, Flexeril, which had previously been prescribed for him but which he had stopped taking. *Id.*, pp. 3, 5.

### III.    Analysis

State habeas petitioners must exhaust available state administrative and judicial remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). *See also Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("The exhaustion of state remedies includes both administrative and state court remedies.") (citation omitted). The exhaustion requirement may be excused if exhaustion would be futile, *i.e.*, there is "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the litigant." *Magar*, 490 F.3d at 818 (citations omitted).

Oklahoma law provides an available state judicial remedy to determine whether a prisoner was afforded due process in the context of his prison disciplinary conviction. *See* Okla. Stat. tit. 57, § 564.1(D) (providing for judicial review of prison disciplinary

3

proceedings involving the revocation of earned credits by directing the state district court to determine "whether due process was provided by the revoking authority"); *see also Magar*, 490 F.3d at 818-819 (Oklahoma provides for judicial review of prison disciplinary proceedings pursuant to Okla. Stat. tit. 57, § 564.1). The due process review afforded by the statute mirrors the federal constitutional requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See* Okla. Stat. tit. 57, § 564.1(D)(1)-(7). Petitioner's due process claims fall within the ambit of Oklahoma's statutory judicial review procedure as provided for in § 564.1. The judicial review procedure expressly provides for appeal to the OCCA by "[e]ither party aggrieved by the final order of the district court . . . ." *See id.*, § 564.1(G).

In response to Respondent's motion, Petitioner does not dispute that he failed to appeal the denial of the district court's order denying his petition for judicial review. Because, as set forth above, Petitioner failed to obtain appellate review of the claims before the OCCA, state judicial review pursuant to Okla. Stat. tit. 57, § 564.1 is, at this time, incomplete. Petitioner's claims involving the disciplinary conviction, therefore, are unexhausted.

The resulting issue is whether resort to the state judicial remedy would be futile at this stage.[1] In this case, Petitioner's 30 day deadline to seek review with the OCCA has passed

---

[1]Petitioner makes no argument in support of futility; rather, he simply states that an "[u]rgency exists in this case," because he has such a short time remaining on his sentence that he "would be out of DOC custody today" if his due process rights had not been violated through the January 13, 2009, disciplinary action. Petitioner's Response, p. 2.

4

without an appeal being filed. *See* Rule 10.1(C), Rules of the Oklahoma Court of Criminal Appeals. Because further attempts to exhaust would be futile, Petitioner has no adequate remedy and the exhaustion requirement is not applicable. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) (stating that the exhaustion requirement for actions under Section 2241 "is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile") (citation omitted). *See also Woodford v. Ngo*, 548 U.S. 81, 93 (2006)(Where "state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review . . ., those remedies are technically exhausted[]"). Under these circumstances the court should decline to regard the action as unexhausted and, instead, consider whether dismissal is appropriate on the basis of procedural default. *See Magar*, 490 F.3d at 819 (finding a habeas petition under Section 2241 subject to dismissal for procedural default if "state court remedies [were] no longer available because the prisoner failed to comply with the deadline for seeking review") (citations omitted). Such a procedural default of available administrative and/or state judicial remedies generally bars the prisoner from asserting the same claims in a federal habeas proceeding. *Id. See Magar*, 490 F.3d at 819 (prisoner's failure to timely pursue state's judicial remedy "functions as a bar to federal habeas review").

Petitioner's procedural default may be excused only if he demonstrates: (1) cause for the default and actual prejudice from the violation of federal law, or (2) a fundamental miscarriage of justice from the failure to consider his claims. *See Magar*, 490 F.3d at 819.

5

Here, Petitioner has not presented any arguments to trigger either exception. As a result, Petitioner's habeas challenges to the misconduct conviction should be dismissed on grounds of procedural default. *See Terry v. Jones*, 327 Fed. Appx. 65, 68 (10th Cir. May 1, 2009) (finding Oklahoma prisoner's prison disciplinary due process claims were unexhausted pursuant to § 564.1 and he was procedurally barred from seeking federal habeas review because any attempt to exhaust his claims in state court would be time-barred).

## **RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Respondent's Motion to Dismiss [Doc. No. 6] be granted and that the petition be dismissed based on procedural default. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 13th day of September, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 23rd day of August, 2010.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE